UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COOPER INDUSTRIES, LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3534 |
| | § | |
| ABB HOLDINGS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is plaintiff's motion to remand. Dkt. 3. After considering the parties' arguments, the appropriate evidence, and the applicable law, the motion is GRANTED.

### I. BACKGROUND

On October 7, 2005, plaintiff Cooper Industries, LLC ("Cooper") and defendant ABB Holdings, Inc. ("ABB")[1] entered into a settlement agreement to conclude patent dispute litigation that arose when ABB manufactured an insulating fluid BIOTEMP, which Cooper claimed it had patented. Dkt. 3, Ex. A. The settlement agreement licensed ABB to manufacture BIOTEMP in consideration of one million dollars. *Id.* at 4. Subsequently, ABB engaged Dow Chemicals ("Dow") to manufacture BIOTEMP on ABB's behalf. *See* Dkt. 2, Ex. A.

In two letters, both dated June 12, 2009, Cooper communicated to ABB and Dow its belief that having Dow manufacture BIOTEMP was a breach of the settlement agreement. *Id.* at 2, Ex. B at 2. Specifically, Cooper pointed to § 2.3.1(e) of the agreement, which explicitly prohibited any third party from making BIOTEMP. Dkt. 3, Ex. C at 10. In response, ABB pointed to § 2.3.1(a) of the agreement, which delineates the rights granted to ABB under the license. *Id.* at 11. There, the

---

[1] Actual parties to the agreement were Cooper Industries, LLC, Cooper Power Systems, Inc., ABB Holdings, Inc., and ABB Inc.

agreement states that ABB has a "license under the Cooper patents to make, *have made*, use, have used, offer to sell, have offered to sell, sell, have sold, import, have imported, export or have exported BIOTEMP." *Id.* at Ex. A at 4 (italics added).

On September 8, 2009, Cooper sought declaratory judgment in the 334th Judicial District Court of Harris County, Texas, and asked the court to declare that Cooper's license to ABB did not include the right of a third party to manufacture BIOTEMP, even if BIOTEMP was being made *for* ABB. Dkt. 1, Ex. A at 7. In response, and after being faced with a motion for summary judgment, ABB filed a notice of removal to this court on October 30, 2009. Dkt. 1 at 1. Subject matter jurisdiction is proper, per ABB, because this case is fundamentally a question of whether a patent has been infringed. Dkt. 2 at 4. Cooper, however, claims this is merely a contract-based claim—having nothing to do with patent law—and thus falls squarely within the exclusive realm of state courts. *See* Dkt. 3.

## II. ANALYSIS

Cooper asks this court to remand this proceeding to state court because the complaint is solely a state-law contract claim, and, therefore, the district court lacks subject matter jurisdiction.

### A.   Standard of Review

When a proceeding is improperly removed by a defendant to a district court, the plaintiff may move to have the case remanded to state court. 28 U.S.C. § 1447(c). The defendant, wishing to stay in federal court, has the burden to show that there is in fact subject matter jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal under 28 U.S.C. § 1441(b) on the basis of either federal question or federal patent jurisdiction (§§ 1331 and 1338 respectively) requires that the claim "arise under" federal law. Because the same 'arising under'

language is used in both sections, the Supreme Court has said that the same interpretation must apply. *E.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S. Ct. 2166 (1988). The court must determine whether a federal question exists by looking solely to the face of the complaint and not to any anticipated defenses or counterclaims by the defendant. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42 (1908); *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S. Ct. 1002 (1974).

Nonetheless, the "arising under" language often raises interpretational difficulties. The Supreme Court recently set forth a test in *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, which requires that the well-pleaded complaint raise a substantial, necessary, and actually disputed federal question in its claim. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363 (2005). Additionally, the court must balance the importance of arbitrating a federal question with the necessity of maintaining comity and the congressionally mandated divide between the state and federal courts, by abstaining from hearing cases which only tangentially involve federal law. *Id.* Thus, a plaintiff, as "master of his complaint," may avoid creating a federal question if the relief sought is carefully pleaded. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). That is, while there could be a federal question involved in some aspects of the dispute, if the plaintiff limits recovery within certain causes of action, then a federal question may not arise. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"). Furthermore, a defendant cannot, by asserting defenses or counterclaiming, create a federal question if the complaint by itself does not do so. *Holmes Group, Inc. v. Vornado Air Circulations Sys., Inc.*, 535 U.S. 826, 830, 122 S. Ct. 1889 (2002).

Indeed, "even an inevitable federal defense does not provide basis for removal jurisdiction." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

The court may, however, pierce the pleading where the issue seems to have been artfully pleaded around and recognize that the requested relief nevertheless necessarily depends on the resolution of an underlying federal question; when the issue is one which the federal courts have a strong interest in arbitrating, then subject matter jurisdiction may be proper. *See Grable*, 545 U.S. at 312. Finally, when the presence of a federal question is unclear, then "any doubts as to the propriety of the removal should be construed strictly in favor of remand" and the court ought to give deference to the plaintiff's choice of forum. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

**B.     Analysis**

Cooper specifically seeks only declaratory judgment and does not seek any contractual damages. Dkt. 1, Ex. A-2 at 3. Cooper's state court petition asked the court to declare whether Dow, as a third party manufacturer, would fall within the purview of the settlement agreement and whether ABB would be barred from using such a third party. *Id.* In its motion to remand, Cooper characterizes its claim as one of contract law and, therefore, one that ought to remain in state court. Dkt. 3. Cooper stresses that it is possible for a plaintiff, as "master of his complaint" to remain in state court if he seeks relief only under state law and relinquishes any federal remedies that may be available. *Id.* at 6. Moreover, Cooper argues that ABB's counterclaims for declaratory judgment of noninfringement and invalidity of Cooper patents cannot provide the basis for subject-matter jurisdiction because they are not claims that are found on the face of the well-pleaded complaint. *Id.*

Relying on these general assertions, Cooper argues that it has carefully sought declaratory judgment under Texas state law and not raised any claims that would invoke federal patent laws. *Id.* at 6-7.  Furthermore, Cooper posits, the declaratory judgment itself pertains only to a purely contractual issue of the settlement agreement: that is, whether ABB is authorized under the terms of the settlement agreement to engage a third party to manufacture BIOTEMP.  *Id.*  The complaint does not, for example, seek a declaration of the validity of the Cooper patents, which would clearly entail federal patent law.  *Id.* at 7.   ABB claims that Cooper, in an attempt to defeat removal, has artfully pleaded a contract claim around a substantially and necessarily federal patent dispute.  Dkt. 5 at 1.  Furthermore, ABB continues, if there were no patent issue involved, then there would be no case because there could be no rights that ABB could have violated.  *Id.*

The court finds that Cooper has not artfully pleaded a contract claim around a necessarily federal patent dispute.  This case is distinguishable from *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000), cited by ABB.  In *U.S. Valves*, the Federal Circuit held that in order for the court to determine whether the defendant had breached the contract at issue, the court was required to determine whether the goods sold by the defendant were covered by the patent.  Thus federal subject matter jurisdiction was proper in the case.  *Id.* at 1372.  This case, however, does not center on whether BIOTEMP falls within the Cooper patents—that is undisputed.  It is a question of whether the license agreement allows ABB to manufacture BIOTEMP via a third party.  Such a determination rests on contract interpretation, not federal patent law.  Remand, therefore, is appropriate.

5

### III. CONCLUSION

For the reasons set forth above, the court lacks subject matter jurisdiction and remands this case to state court in accordance with 28 U.S.C. § 1447(c). Cooper's motion to remand, therefore, is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on January 14, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY